*Scott, for appellant.*

---

EZRA L. H. GARDINER, ETC., *v.* J. G. PRICE, ETC.

**Sale—Cumbersome Property—Place of Delivery.**

As a general rule applicable to the sale of cumbersome property, the seller's ordinary place of sale, production or manufacture is the place of delivery.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 17, 1871.

OPINION BY JUDGE HARDIN:

Independent of collateral circumstances conducing to show that a delivery of the coal tar at Louisville to the appellants or a common carrier for them, was the delivery intended by the contract, we are satisfied from the context of the written agreement of the parties that the Common Pleas Court properly so construed it.

There is no doubt that as a general rule applicable to the sale of cumbersome property, the seller's ordinary place of sale, production or manufacture is the place of delivery.

Of course there are exceptions to this rule, as where the parties stipulate differently, or accompanying or surrounding circumstances indicate some other as the place of delivery intended, as was the case in *Branson v. Gleson*, 7 Barbour 472, cited by both parties in this case.

But nothing appears in this case to make it an exception to the general rule we have stated. Therefore the judgment is affirmed.

*Brown, Fox*, for appellants.

*James, Speed*, for appellees.